**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**CORNELIUS HARRIS,
No. 12201-033,**


**Petitioner,**


     **vs.**                       **Case No. 15-cv-291-DRH**


**COMMONWEALTH of KENTUCKY,**


**Respondent.**

<u>**MEMORANDUM AND ORDER**</u>

**HERNDON, District Judge:**

Petitioner, currently incarcerated in the USP-Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241.  He is seeking an order returning him to Kentucky on a writ of habeas corpus ad prosequendum, in connection with an outstanding warrant for a Kentucky parole violation.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas

corpus cases, such as this action under 28 U.S.C. § 2241.   After carefully reviewing the petition, the Court concludes that this action is subject to dismissal.

## I.   **The Petition**

According to petitioner, he pled guilty to two drug offenses in the Circuit Court of Daviess County, Kentucky.   After a period of incarceration, he was released on parole on both convictions on June 23, 2009 (Doc. 1, p. 1).   While still on parole, he was charged with the federal drug conspiracy offense for which he is now in custody and serving a 96-month sentence.   *United States v. Harris*, Case No. 10-cr-010 (W.D. Ky., filed April 7, 2010).   The Commonwealth of Kentucky now has an outstanding parole violation warrant against petitioner. According to a letter attached to the petition, Kentucky will hold a final disposition hearing to determine petitioner's "future parole eligibility, if any" after he has satisfied his federal sentence (Doc. 1, p. 5).

Rather than wait until his release from federal custody, petitioner seeks to be returned temporarily to Kentucky now, in order to resolve Kentucky's disposition of the parole violation matter.   He invokes the Interstate Agreement on Detainers Act ("IADA"), 18 U.S.C. § App. 2 § 2, as a vehicle for the relief he seeks. He states that he is currently enrolled in an intensive drug and criminal-behavior-modification treatment program, which requires "after-care placement" in a community correctional center.[1]   He is concerned that his participation in this

---

[1] The Court notes that, if petitioner's custodian determines that he is entitled to serve a portion of his sentence in a federally-operated community correctional center after completing his treatment

treatment program would be prematurely terminated if he is required to return to Kentucky to be placed on regular parole.  He hopes to have his Kentucky parole reinstated and run concurrently with his federal supervised release.

II.  **Discussion**

While petitioner's goal to complete his rehabilitation program is commendable, his reliance on the IADA is misplaced.  A prisoner may request final disposition of an outstanding criminal matter pursuant to the IADA only where he is facing an "untried indictment, information, or complaint" in the receiving state.  18 U.S.C. § App. 2, § 2, Art. I; Art. III.  However, a warrant for a parole violation, which by definition arises only where the prisoner has already been convicted and sentenced for the offense, is not an "untried indictment, information, or complaint."  According to the Supreme Court,

> The language of the Agreement therefore makes clear that the phrase 'untried indictment, information or complaint' in Art. III [of the IADA] refers to criminal charges pending against a prisoner.  A probation-violation charge, which does not accuse an individual with having committed a criminal offense in the sense of initiating a prosecution, thus does not come within the terms of Art. III.

*Carchman v. Nash*, 473 U.S. 716, 725 (1985).

A parole violation is likewise not a pending criminal charge that would lead to prosecution on a new criminal offense.  Instead, the issue to be determined is whether the offender violated the terms of his release, and whether he should be returned to custody to finish serving his previously-imposed sentence.  Therefore,

---

program, he would still be in federal custody at that time.  The Bureau of Prisons has discretion to place a prisoner in a Residential Re-entry Center to serve the last several months of his sentence, if a determination is made that such a placement would assist him to prepare for reentry into the community.  *See* 18 U.S.C. § 3621(b); 18 U.S.C.A. § 3624(c)(1).

under the Supreme Court's analysis in *Carchman*, the IADA does not apply to a pending parole-violation warrant.   *See Carchman*, 473 U.S. at 725-26 (IADA refers to criminal charges pending against a prisoner and does not apply to a detainer based on a pending probation-violation charge); *see also Moody v. Daggett*, 429 U.S. 78, 85, 87 (1976) (federal parolee imprisoned for crime committed while on parole was not constitutionally entitled to prompt hearing on parole violator warrant); *Noble v. Scibana*, Case No. 04-C-514-C, 2004 WL 2011440, at *3 (W.D. Wis. Sept. 3, 2004) (the IADA does not apply to detainers based on parole or probation-violation charges).

The IADA does not authorize petitioner to request a timely disposition of his pending parole violation warrant.   Therefore, his attempt to seek relief under 28 U.S.C. § 2241 on the basis of the IADA must fail, and the petition shall be dismissed with prejudice.

### III.   Filing Fee

When petitioner filed this action, he did not pay the $5.00 filing fee, nor did he file a motion for leave to proceed *in forma pauperis* ("IFP").   He was instructed by the Clerk of Court to take one of these actions no later than April 15, 2015 (Doc. 2), and was provided with a blank form motion.   Petitioner incurred the obligation to pay the filing fee when he initiated this action; the obligation is not extinguished by the dismissal of this case.   *See Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998); *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997).   If petitioner fails to either pay the fee or file a properly completed motion for leave

to proceed IFP by the previously provided deadline, he may face sanctions including a limitation on his ability to file future actions in this Court.

## IV.    Disposition

For the reasons explained above, the § 2241 petition is summarily **DISMISSED** with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal.   *See* FED. R. APP. P. 24(a)(1)(C).   If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.   *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[2]   It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

---

[2] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  FED. R. CIV. P. 59(e).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Digitally signed by
David R. Herndon
Date: 2015.04.11
17:29:45 -05'00'

**United States District Judge**